UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00090-GNS

CLIFFORD N. DUNNING and
WESSLA G. DUNNING                                                                                      PLAINTIFFS

v.

RAI TRANSPORT, INC. et al                                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Dismissal (DN 6). The motion is ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

On the morning of July 31, 2024, Plaintiff Clifford Dunning ("Dunning") was driving his motorcycle on US Highway 41 North. (Compl. ¶¶ 10, 11, DN 1-1).[1] As he approached the intersection of US 41 and Marywood Drive, he was traveling in the right lane behind another vehicle, and a semi-truck was traveling in the left lane. (Compl. ¶ 13). Dunning and the other vehicle began to pass the semi-truck on the right in the intersection. (Compl. ¶ 13). The semi-truck then turned right onto Marywood Drive from the left lane, crossing in front of Dunning.

---

[1] The Court will not consider any facts raised outside of the complaint. *Beychok v. Baffert*, No. 3:24-CV-100-CHB, 2024 WL 5112755, at *16 (W.D. Ky. Dec. 13, 2024) ("The Sixth Circuit has made clear that plaintiffs may not 'amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.'" (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020))).

(Compl. ¶ 14).  Dunning had no time to stop and hit the semi-truck, coming to a stop under the trailer.  (Compl. ¶ 15).

Dunning and his wife (collectively, "the Dunnings") sued the semi-truck driver, Defendant Johnnie L. Watts ("Watts), and his employer, Defendant RAI Transport, Inc. ("RAI"), along with the unknown broker that hired Watts and RAI and the Dunnings' insurance provider.  (Compl. ¶ 5).  The Dunnings brought claims for negligence, negligence per se, negligent hiring/retention and training/supervision, payment of underinsured motorist coverage, and loss of consortium in state court.  (Compl.).  Watts and RAI (collectively, "Defendants") removed to federal court then filed this partial motion to dismiss.  (Notice of Removal, DN 1; Defs' Mot. Partial Dismissal, DN 6).

## II.     JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00.  *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441(b).

## III.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6).  When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party."  *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted).  To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th

Cir. 2010)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## IV. DISCUSSION

Defendants move to dismiss paragraphs 27, 28, 29, 30, and 36 in Count Two, and Counts Four and Five in their entirety. (Defs.' Mot. Partial Dismissal 1). These counts include claims for (1) negligence per se and (2) negligent hiring/retention and training/supervision. (Compl. ¶¶ 28, 36, 42, 45, 48).

### A. Negligence Per Se

Defendants argue that the negligence per se claims based on federal law against Watts and all negligence per se claims against RAI should be dismissed. (Defs.' Mem. Supp. Mot. Partial Dismissal 11-15, DN 6-1). "Under Kentucky's negligence per se statute, a person who is 'injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation.'" *Dukes v. Mid-E. Athletic Conf.*, 213 F. Supp. 3d 878, 885 (W.D. Ky. 2016) (quoting KRS § 446.070). "To maintain a negligence per se claim, a plaintiff must show that (1) he is within the class of persons the statute is intended to protect and (2) the statute is 'penal in nature and provides no civil remedy.'" *Id.* (quoting *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005)). Additionally, "Kentucky courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes and does not extend to federal statutes and regulations . . .

3

." *Easterling v. Jones*, No. 1:20-CV-00182-GNS, 2021 WL 1723230, at *2 (W.D. Ky. Apr. 30, 2021) (*Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2008)).

First, the Dunnings claim that Watts was negligent per se because he violated various state and federal laws. Defendants only contest the negligence per se claims based on federal law. (Defs.' Mem. Supp. Mot. Partial Dismissal 11-16). The Dunnings cite 49 C.F.R. 350-99, which encompasses the Federal Motor Carrier Safety Regulations ("FMCSRs"), and 49 C.F.R. 392.3 specifically. (Compl. ¶ 45). The Kentucky legislature has adopted some FMSCRs, including 49 C.F.R. 392. 601 KAR 1:005; (*see* Compl. ¶ 27; Pls.' Resp. Defs.' Mot. Partial Dismissal 7-8, DN 11).

This Court has dismissed similarly conclusive claims under the FMSCRs. *See Easterling v. Jones*, No. 1:20-CV-00182-GNS, 2021 WL 1723230, at *2 (W.D. Ky. Apr. 30, 2021) (citing *Seemann v. Copeland*, No. 5:20-CV-00027-TBR, 2020 WL 6434852, at *4-5 (W.D. Ky. Nov. 2, 2020) (dismissing a claim under the FMCSRs where plaintiff did not "plead violations of specific regulations")). To the extent that any claim relies on the FMSCRs as a whole, it will be dismissed. The specific FMSCR cited by the Dunnings, 49 C.F.R. 392.3, provides:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. However, in a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed.

Because the Dunnings have not alleged any facts demonstrating that Watts was impaired or likely to become impaired, their negligence per se claim based on 49 C.F.R. 392.3 is dismissed. (*See* Compl.).

Second, the Dunnings claim that RAI was negligent per se because it violated KRS 189.224, 601 KAR 1:005, and 49 C.F.R. 350-399. Under Kentucky law, "[i]t is unlawful for the owner, or any other person, employing or otherwise directing the operator of any vehicle, to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law." KRS 189.224. The Dunnings, however, make no factual allegation that RAI required Watt to violate the law or knew that he was doing so. (*See* Compl.). Next, while Kentucky does adopt some FMSCRs through 601 KAR 1:005, citing to all FMSCRs is insufficient. *See Easterling*, 2021 WL 1723230, at *2 (citing *Seemann*, 2020 WL 6434852). Unlike the plaintiff in *Daniels v. Schick*, the Dunnings do not cite to a specific FMSCR. No. CV 5:22-157-KKC, 2024 WL 218112, at *2 (E.D. Ky. Jan. 19, 2024).[2] Thus, the Dunnings' negligence per se claims against RAI are dismissed.[3]

### B.     Negligent Hiring/Retention and Training/Supervision

Defendants argue that the Dunnings' negligent hiring/retention and training/supervision claims must be dismissed because they did not plead sufficient factual allegations to make these claims plausible. (Defs.' Mot. Partial Dismissal 7). "Under Kentucky law, the elements of

---

[2] The plaintiff in *Daniels* alleged that the defendant violated 49 C.F.R 392.2, which required him to follow the laws of Kentucky, specifically KRS 189.450. 2024 WL 218112, at *2. Thus, even if the Dunnings had cited to C.F.R. 392.2 specifically, they would still have to allege facts that make a violation of Kentucky law plausible, which they do not.

[3] Based on the Dunning's characterization of their claims in their response, they are not bringing a common law negligent entrustment claim against RAI, but rather a negligence per se claim. (Pls.' Resp. Defs.' Mot. Partial Dismissal 3). Indeed, the Dunnings do not respond to Defendants' argument that they failed to plead facts to support a common law negligent entrustment claim. (*See* Pls.' Resp. Defs.' Mot. Partial Dismissal). "In Kentucky, the common law theory of negligent entrustment is that 'one who entrusts his vehicle to another whom he knows to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving, is liable for the natural and probable consequences of the entrustment.'" *Price v. TJX Companies, Inc.*, No. 5:11-CV-319-JMH, 2012 WL 1565235, at *3 (E.D. Ky. May 2, 2012) (quoting *McGrew v. Stone*, 998 S.W.2d 5, 9 (Ky. 1999)). To the extent that the Dunnings raised a common law negligent entrustment claim, it is dismissed due to insufficient factual allegations.

5

negligent hiring and retention are: (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *M.T. v. Saum*, 3 F. Supp. 3d 617, 628 (W.D. Ky. 2014) (quoting *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009)). "To succeed on a claim for negligent training and supervision, the plaintiff must establish that (1) the employer knew or had reason to know of the risk that the employee created; (2) the employee injured the plaintiff; and (3) the hiring, supervision and/or retention of the employee proximately caused the injury." *Short v. Marvin Keller Trucking, Inc.*, 570 F. Supp. 3d 459, 467 n.4 (E.D. Ky. 2021) (citing *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005)).

The Dunnings only offer legal conclusions in support of these claims and do not allege sufficient facts to make their claims plausible. (*See* Compl.). The Dunnings concede that their claims fall short of the federal pleading standard. (Pls.' Resp. Defs.' Mot. Partial Dismissal 6). These claims are therefore dismissed.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal (DN 6) is **GRANTED**, and Plaintiff's following claims are **DISMISSED WITHOUT PREJUDICE**:

1. Violations of 49 C.F.R. 350-99, and 49 C.F.R. 392.3 specifically, in Count Two;
2. Count Four; and
3. Count Five.

**Greg N. Stivers, Judge**
**United States District Court**
December 30, 2025

cc: counsel of record